**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 6:23-cr-03048-MDH-1** |
| | ) | |
| RICHARD D. SIMS, | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant's *pro se* motion requesting compassionate release and motion to supplement. (Doc. 231, 236). The Court is in receipt of Defendant's Motion to Supplement and the arguments set forth in that document (Doc. 236) have been considered in the drafting of this Order.

Defendant is serving a 240-month sentence for on Counts 1, 3, 4, 5 and 180 months on Count 6 all counts to run concurrent for a total term of imprisonment of 240 months; followed by 5 years Supervised Release on Counts 1, 3, 4, 5 and 3 years on Count 6 all counts to run concurrent. Count 1 charged him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) -2- and 846; Count 3 charged him with distribution of 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count 4 charged him with distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); Count 5 charged him with possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and

1

Count 6 charged him with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). This Court accepted Sims's pleas, and on May 29, 2024, the final Presentence Investigation Report ("PSR") was filed. (Doc. 120). He was sentenced on 1/21/2025. The 8th Circuit upheld his conviction and sentence on 3/30/2026.

The PSR calculated Sims's base offense level at 38 and assessed two enhancements: a two-level enhancement because a dangerous weapon was possessed, and a two-level enhancement because he maintained a premises for the purpose of distributing a controlled substance. *Id*. at 21-23. Utilizing an adjusted offense level of 42, Sims's total offense level, after acceptance of responsibility, was 39. *Id*. at 27 & 31. Based upon a total offense level of 39 and a criminal history category of VI, the PSR calculated Sims's sentencing range at 360 months to life. *Id*. at 100. This Court's 240-month sentence was well below the sentencing range.

Defendant Sims has been diagnosed with liver cancer. (Doc. 227). His diagnosis is terminal, and he has approximately 18 months to live. *Id*. Defendant has filed for and been denied Compassionate Release on 1/12/2026. (Doc. 219, 228). His medical condition and progression is known to the Court and was considered in the Court's previous rulings. In that Order, this Court denied Sims' request because "[r]eleasing Sims early would not reflect the seriousness of his offenses, provide just punishment, promote respect for the law, or protect the community." (Doc. 228). His crime wielded a statutory minimum 10-year sentence and guideline range of 360 months. His criminal history includes 18 felonies.

In his reply (Doc. 237) and the motion to supplement (Doc. 236) Defendant again argues his terminal cancer and deteriorating condition qualify him for Compassionate Release. The Bureau of Prisons has rejected his request. The Government argues that Sims has failed to demonstrate that the 18 U.S.C. § 3553(a) factors the Court previously considered have changed.

The Court agrees with the Government. Releasing Sims early would not reflect the seriousness of his offenses, provide just punishment, promote respect for the law, or protect the community. Defendant's *pro se* compassionate release is **DENIED**.

## CONCLUSION

For the reasons set forth above and in the Government's opposition (Doc. 235), the Court hereby **DENIES** Defendant's *pro se* motion requesting compassionate release without prejudice.

**IT IS SO ORDERED**.

DATED:   June 12, 2026                        */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**

3